**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **MISSISSIPPI RIVER CORPORATION,** | **Case No. 10-51480** |
| **Debtor.** | **Chapter 11** |
| | **Judge John E. Hoffman, Jr.** |

**ORDER AUTHORIZING AND APPROVING THE BIDDING PROCEDURES**
**FOR AN AUCTION SALE OF THE DEBTOR'S ASSETS, SCHEDULING AN**
**AUCTION DATE AND SALE HEARING DATE AND THE DEADLINE**
**FOR OBJECTIONS TO THE PROPOSED SALE, AND APPROVING**
**NOTICES TO CREDITORS AND PARTIES IN INTEREST**

This Matter comes before the Court upon the Motion Of Mississippi River Corporation, Debtor and Debtor in Possession, For An Order (I) Authorizing the Sale of Substantially all its Assets Free and Clear of Liens, Claims and Encumbrances with Certain Exceptions under Asset Purchase Agreement, Subject to Higher and Better Offers, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) Approving Procedures for an Auction; (IV) Scheduling an Auction and Hearing Relating

Thereto; (V) Approving Break-Up Fee, and (VI) approving the Forms of Notices Relating to the Sale and Bidding Procedures filed on February __, 2010 (Doc. # _____) (the "Motion"), seeking *inter alia*, (i) approval of the Debtor's Sale of substantially all of its assets free and clear of liens, claims and encumbrances under an Asset Purchase Agreement with certain exceptions, subject to higher and better offers at auction, (ii) authorization of the Debtor's assumption and assignment of executory contracts and unexpired leases, (iii) approval of the procedures for the auction, and (iv) the scheduling of an auction and a hearing date relating thereto, (v) approving a break-up fee to the proposed purchaser, and (vi) approving the forms of notice thereof, and the Court finding that the proposed Bidding Procedures in Phase I of the Motion are designed to maximize the value to be received for the Debtor's assets, and, consequently, their approval is in the best interest of the estate, and finding further that the proposed Bid Procedures and Sale Notice will provide creditors and parties in interest with due and proper notice of the Debtor's intention to sell its assets and assume, assign or reject, as the case may be, its executory contracts and unexpired leases, and fully complies with Federal Rule of Bankruptcy Procedure Rules 2002, 6004, 6006 and this Court's local rules, and finding that the Cure Notice provides the parties to the Debtor's executory contracts and unexpired leases with due and proper notice of the procedures to fix the Cure Amount for any such assumed and assigned contracts and leases, and being otherwise duly advised and informed in the premises:

**IT IS ORDERED, ADJUDGED and DECREED that:**

(1) The Motion is granted to the extent it seeks approval of the Bidding Procedures and the Bid Procedures and Sale Notice and Cure Notice attached hereto as Exhibits 1-3, which are incorporated herein by reference and hereby approved in every respect;

(2) Within three business days of the entry of this Order by the Court, the Debtor shall make service of this Order, the approved Bidding Procedures, and the Bid Procedures and Sale Notice to all creditors and parties in interest as set for in the Motion and certify service of same;

(3) On or before three business days of the entry of this Order by the Court, the Debtor shall make service of the Cure Notice to the counterparties to its executory contracts and unexpired leases which may be assumed and assigned in connection with the sale of its assets and certify service of same;

(4) The Debtor is authorized and empowered to take such steps, expend such sums of money (subject to any Approved Budget in a Final Order), and do such things as may be necessary and reasonable to implement and effect the terms and requirements of this Order;

(5) If the Debtor receives one or more Qualified Competing Bids submitted by a Qualified Bidder (other than the Purchaser), as set forth below, an Auction for the sale of substantially all of the Debtor's assets shall be held on _____ at the offices of Allen Kuehnle Stovall & Neuman LLP, LLC, 17 South High Street, Suite 1220, Columbus, Ohio 43215, such auction to be conducted in substantial accordance with the approved Bidding Procedures;

(6) A hearing to consider approval of the Debtor's sale of substantially all of its assets and assumption and assignment of any of its executory contracts or unexpired leases under the Motion and any objections thereto shall be held before the Honorable _____ at the United States Bankruptcy Court for the Southern District of Ohio, 170 N. High Street, Courtroom A, Columbus, Ohio 43215 on _____, at _____ (the "Sale Hearing"), and it is further ordered that;

(7) Any and all objections to the Debtor's sale of its assets under the Motion or the assumption and assignment of the Debtor's executory contracts and unexpired leases in connection therewith, shall be filed with the Court and served upon the Debtor, the Debtor's Counsel, Counsel to SSG Capital Advisors, LLC, the Debtor's Pre-Petition Secured Lender ("Lender"), Counsel to the Purchaser under the APA, the United States Trustee, and Counsel to the Committee (if any) on or before 4:00 P.M. E.S.T. on March _____, 2010; provided, however, that any objections to the assumption and assignment of any executory contracts or unexpired leases to a party other than the Purchaser based solely on such party's alleged inability to provide adequate assurance of future performance with the meaning of section 365 of the Bankruptcy Code may be raised at the Sale Hearing. Any objections that are not so filed and received being untimely, shall not be considered by the Court. In the absence of any timely filed and served objections, the Sale Hearing may be removed from the Court's calendar without further notice, and it is further ordered that;

(8) This Order shall not be stayed for any reason, whether by way of Rules 6004(h) or 6006(d) Bankruptcy Code, to the extent applicable, or otherwise, and shall be deemed effective and enforceable immediately upon signature hereof.

**IT IS SO ORDERED.**

###

**EXHIBIT 1 TO EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | |
| **MISSISSIPPI RIVER CORPORATION,** | **Case No. 10-51480** |
| **Debtor.** | **Chapter 11** |
| | **Judge John E. Hoffman, Jr.** |

**BIDDING PROCEDURES**

On February \_\_\_, 2010, the Debtor filed its Motion Of Mississippi River Corporation, Debtor and Debtor in Possession, For An Order I) Authorizing the Sale of Substantially all its Assets Free and Clear of Liens, Claims and Encumbrances with Certain Exceptions under Asset Purchase Agreement, Subject to Higher and Better Offers, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) Approving Procedures for an Auction; (IV) Scheduling an Auction and Hearing Relating Thereto; (V) Approving Break-Up Fee; and (VI) Approving the Forms of Notices Relating to the Sale and Bidding Procedures (Doc. # _____) (the "Motion"), seeking *inter alia*, approval of certain procedures to facilitate and govern the Debtor's sale of substantially all its assets to **Mississippi Recycling Company, LLC** ("Purchaser") pursuant to the terms of that certain Asset Purchase Agreement by and between Debtor and Purchaser, dated February \_\_\_, 2010 (the "APA") or to some other party submitting a higher or better bid for the Debtor's asset at Auction. On _____, 2010, the Bankruptcy Court entered the foregoing order (the "Bidding Procedures Order") which authorized and approved the below procedures (the "Bidding Procedures").

**<u>Notice of Bid Procedures</u>**

By the third business day following the Court's entry of the Bidding Procedures Order, the Debtor will serve a copy of the Bidding Procedures Order and the Bid Procedures and Sale Notice by first-class mail, postage prepaid, to all creditors and parties in interest including (1) any potentially interested purchasers identified by the Debtor and the Lender, (2) the Office of the United States Trustee, (3) counsel for the Debtor's Lender, (4) counsel for the Purchaser, (5) counsel for the Official Committee of Unsecured Creditors, if any, (6) each counterparty to the Debtor's executory contracts and unexpired leases, (7) parties in interest that have requested notice, (8) all parties who are known to possess or assert a lien, claim, or encumbrance, or

interest in or upon any of the Debtor's assets, (9) and all applicable federal, state and local regulatory or taxing authorities.

Interested bidders requiring information about the bid qualification process, the Purchased Assets or the Debtor's business should contact the Debtor's counsel, Richard K. Stovall and Thomas R. Allen, Allen Kuehnle Stovall & Neuman LLP, LLC, 17 South High Street, Suite 1220, Columbus, Ohio 43215, Phone: 614.221.8500, Fax: 614.221.8500, E-mail: stovall@aksnlaw.com; ("Debtor's Counsel").

**Qualified Bidders**

Persons seeking to submit a Qualified Competing Bid (defined *infra*) pursuant to the Bidding Procedures and desiring to participate in the Auction must deliver to the Debtor's Counsel, Richard K. Stovall and Thomas R. Allen, Allen Kuehnle Stovall & Neuman LLP, 17 South High Street, Suite 1220, Columbus, Ohio 43215, Phone: 614.221.8500, Fax: 614.221.8500, E-mail: stovall@aksnlaw.com, the following:

    i)         an executed confidentiality agreement, a copy of which is available from the Debtor's Counsel;

    ii)        financial and other information that will allow the Debtor in consultation with the Lender, and the Committee (if any), to make a reasonable determination as to such person's financial capability to consummate a purchase of the Debtor's assets within the timeframe set forth for closing and provide adequate assurance of future performance of any executory contracts and unexpired leases, and

    iii)      other documentation in form and substance reasonably satisfactory to the Debtor as may subsequently be requested by the Debtor, from time to time.

A person who complies with all the requirements set forth in the Bidding Procedures may be determined by the Debtor in consultation the Lender to be a "Qualified Bidder." Purchaser is deemed to be a Qualified Bidder.

Qualified Bidders desiring to conduct due diligence shall contact the Debtor's Counsel and will be provided access to an electronic data room provided that the Debtor reserves the right to limit access to certain due diligence information and otherwise manage the process of providing due diligence information to Qualified Bidders who may be direct competitors of the Debtor. All due diligence efforts undertaken by Qualified Bidders must be completed by the date bids are due; and after such date, the Debtor shall have no obligation to furnish any additional due diligence information relating to the Debtor's business or the Purchased Assets.

**Form of Competing Bids**

In order for the Debtor to be able to quickly compare and contrast the differing terms of any bids, all bids of a Qualified Bidder must be in writing, and be submitted under substantially the same form as the APA. Each Qualified Bidder must submit an executed "clean" version of

its bid, together with a black lined version to reflect any proposed changes in the terms and conditions of its bid as compared against the APA.[1] It is noted that the Purchaser has agreed to assume the amounts due on the loans under the DIP Credit Facility pursuant to an agreement with the Lender.  All other bidders must pay cash.
.

If any bids are conditioned upon the assumption and assignment of any executory contract and/or unexpired leases of the Debtor, then such Qualified Bidder submitting such bid shall be required to provide evidence of its ability to provide adequate assurance of future performance of such contract or lease in addition to assumption of the Cure Amount associated with such executory contract or unexpired lease.
.

All bids must be submitted in writing so that they are actually received by no later than March **[___], 2010, at 12:00 noon** (the "Bid Deadline") by the Debtor's Counsel at his e-mail address or fax to: Richard K. Stovall and Thomas R. Allen, Allen Kuehnle Stovall & Neuman LLP, LLC, 17 South High Street, Suite 1220, Columbus, Ohio 43215, Fax: 614.221.8500, E-mail: stovall@aksnlaw.com.

### Terms for Qualified Competing Bids

Unless otherwise waived by the Debtor in writing, the Debtor after consultation with the Lender will qualify a competing bid (a "Qualified Competing Bid") only if such bid:

(i)     is accompanied by an earnest money deposit of at least $100,000;

(ii)    exceeds the Purchase Price set forth in Section 4 of the APA without adjustment by more than the aggregate amount of

        a) an initial overbid amount of $200,000 ("Overbid Amount"); and

        b) be submitted on terms no less favorable and no more burdensome to the Debtor than under the APA including that the competing bidder will assume the Assumed Liabilities;

(iii)   identifies the proponents of the bid;

(iv)    discloses the bidder's relationship to or connection with any party in interest in this Case or affirmatively discloses that it has no relationship or connection to or with any party in interest in this Case, discloses an officer or representative who is authorized to appear on behalf of the bidder;

(v)     provides sufficient indicia that the bidder is financially capable and has the requisite corporate or similar authority to sign and consummate a binding and enforceable asset purchase agreement and or assignment agreement and that any

---

[1] In order to facilitate the submission of a party's bid, such party may request a Microsoft Word™ copy of the APA from the Debtor's Counsel, which counsel will promptly provide.

representative acting on behalf of such bidder is legally empowered, by a power of attorney or otherwise, to execute the bid on behalf of the bidder;

(vi)     does not contain any contingencies as to the validity, effectiveness, and/or binding nature of the offer, including, without limitation, contingencies for approvals, financing, due diligence or inspection;

(vii)    contains an acknowledgment that: (a) the bidder has had an opportunity to examine the Purchased Assets and liabilities of the Debtor prior to making its offer, (b) the bidder has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, (c) the bidder did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied, by operation of law or otherwise, regarding the Purchased Assets, or the completeness of any information provided in connection with the Debtor's implementation of the Bidding Procedures, (d) the bidder agrees to be bound by the terms and conditions of the Bidding Procedures, and (e) the competing proposal is irrevocable until (y) fifteen (15) days after the entry of an order by the Bankruptcy Court approving such bid as the highest and best bid and authorizing the Debtor to enter into an agreement with respect thereto; and (z) until ten (10) days following the closing of the transactions contemplated under the Winning Bid (defined *infra*), if such bid is approved by the Bankruptcy Court as the Back-Up Bid (defined *infra*);

(viii)   contains a representation that such bidder has no agreement with any other bidder concerning the price to be paid for the Purchased Assets;

(ix)     is not subject to termination, except on the same terms as set forth in the APA, and along with any higher or better bid submitted by such bidder at the Auction, is irrevocable until 48 hours after the closing of a sale to a third party of the assets subject to such bid;

(x)      does not request or entitle the bidder to any breakup fee, termination fee, expense reimbursement or similar type of payment;

(xi)     does not include any modifications to the APA that the Debtor does not deem acceptable; and

(xii)    identifies, with particularity, each and every executory contract or unexpired lease the assumption and assignment which is a condition to closing.

(xiii)   must be in cash payable via wire transfer.

## Earnest Money Deposit Requirement

As stated above, all bids shall be accompanied by an initial deposit (the "Earnest Money Deposit") of $100,000. The Earnest Money Deposit shall be in the form of a certified check or wire transfer payable to the Debtor. All Earnest Money Deposits shall be held by the Debtor, without interest, until such time as the bids are officially rejected by the Debtor. Such Earnest Money Deposits shall be forfeited in the event that (i) with respect to any Winning Bid (defined *infra*), such winning bidder defaults or (ii) with respect to any Back Up Bid (defined *infra*), any Back Up Bidder for an accepted Back Up Bid defaults.

Any bid that does not comply with the foregoing requirements may not be considered by the Debtor, in its sole and absolute discretion, after consultation with the Committee (if any) and the consent of the Lender. Moreover, the Debtor may, after consultation with the Committee (if any) and the Lender, reject any bid that it deems to be: (i) inadequate or insufficient; or (ii) contrary to the interests of the Debtor or its estate. Any such rejection of a bid may be made at any time prior to Court approval.

## Confidentiality

All bids shall be kept confidential with access restricted to the Debtor, the Lender, the Committee (if any) and any of their respective professionals, provided, however, that the Debtor shall be permitted to share information concerning the bidder's financial condition with counterparties to its executory contracts and unexpired leases, as requested, sufficient to permit such parties to assess the bidder's ability to provide adequate assurance of future performance of such executory contracts or unexpired leases.

The Debtor may request such additional information from a bidder as necessary in order to evaluate the bidder's ability to consummate a transaction and to fulfill its obligations in connection therewith and such bidder shall be obligated to provide such additional information as a precondition to participating further in the Auction.

## Auction Details

If the Debtor receives one or more Qualified Competing Bids submitted by a Qualified Bidder (other than the Purchaser), the Debtor will conduct the Auction. (Otherwise, the Debtor shall seek Bankruptcy Court approval to consummate the APA with the Purchaser at the Sale Hearing). The Auction will be conducted at the offices of Allen Kuehnle Stovall & Neuman LLP, LLC, 17 South High Street, Suite 1220, Columbus, Ohio 43215 on March [__], 2010, beginning at 9:00 a.m. Eastern Standard Time. All Qualified Bidders that have submitted a Qualified Competing Bid shall appear in person at the Auction or through a duly authorized representative. If multiple Qualified Competing Bids are received, each Qualified Bidder shall have the right to continue to improve its bid at the Auction, with bid increments set at $50,000. The Debtor shall conduct an open Auction on the record and recorded by a court reporter. Qualified Bidders shall be permitted to caucus privately among themselves (but not with other Qualified Bidders) at any time, with or without the participation of the Debtor and its advisors; provided, however, the Debtor reserves the right to impose uniform reasonable time restrictions

on such caucuses so that the Auction may continue and be completed in an orderly and timely manner. The Debtor may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that it anticipates will result in the highest or otherwise best value for its estate and that are not inconsistent with any Bankruptcy Court order, provided that any changed or additional rules for the Auction are not materially inconsistent with these Bidding Procedures and are communicated to all participants at or prior to the Auction.

Any and all disputes related or pertaining to, or resulting or arising from, the marketing process, the Auction, the sale of the Purchased Assets, and/or the conduct of the Debtor and/or any of its professionals, shall be adjudicated solely by this Court. The submission of a bid shall constitute express consent by the bidder to the exclusive jurisdiction of the Court for all such matters.

Nothing in the Bidding Procedures Order or the Bidding Procedures shall deprive the Lender from its respective rights under 11 U.S.C. § 363(k) which rights extend to its full pre-petition debt and the amount of new funds loaned under the DIP Credit Facility.

### Selection of Winning Bid

At the conclusion of the Auction, subject to Court approval, the Debtor may select the winning bid after consultation the Committee (if any) and the Lender and any of their professionals (the "Winning Bid") and a back-up bid ("Back-Up Bid") (if any). The Debtor will accept a Winning Bid only when (a) the Court has approved the Winning Bid and Winning Bidder, (b) the Sale Order approving such Winning Bid has been docketed, and (c) definitive documentation has been executed and delivered by the Debtor.

### Break-up Fee

In the event that Purchaser is not the Winning Bidder, Purchaser will receive a break-up fee, to be paid from the proceeds of the eventual sale to the Winning Bidder, in the amount of $138,000.

### Report of Sale

In accordance with Bankruptcy Rule 6004(f), the Debtor shall promptly file with the Court a notice of the selection of the Winning Bid and the Back-Up Bid, if any, which shall include a statement of the property to be sold, the identification of the Winning Bidder and Back-Up Bidder, and the price to be received under such bids for the Debtor's property.

### Court Approval After Hearing

Pursuant to the proposed Bidding Procedures Order, if approved, a hearing with respect to the approval of the Winning Bid and Back-Up Bid and to confirm the results of the Auction (the "Sale Hearing"), will be held before the Honorable _____, United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of Ohio, 170

N. High St., Courtroom A, Columbus, Ohio 43215 on [_____], 2010, at ___:00 a.m. (subject to and contingent upon the Court's availability). Pursuant to the proposed Bidding Procedures Order, the Debtor proposes that objections, if any, to the relief requested to be approved at the Sale Hearing (other than an objection to a proposed purchaser's ability (other than Purchaser's) to provide adequate assurance of future performance which may be made at the Sale Hearing) must be filed with the Court and served so as to be actually received by no later than [_____], 2010, at 4:00 p.m. by the Office of the United States Trustee, counsel for the Debtor, counsel for the Debtor's Lender, counsel for the Purchaser, and counsel for the Official Committee of Unsecured Creditors, if any.

The proposed Bidding Procedures Order provides that the failure of any objecting person or entity to timely file and serve its objection in accordance with this Bidding Procedures Order shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion or the consummation and performance of the Sale as contemplated by the terms of the APA or alternatively by the terms of the Winning Bid with the Winning Bidder (including the transfer of the Purchased Assets free and clear of all Liens, claims, encumbrances and interests as part of the Sale).

**<u>Closing</u>**

The closing of the Sale to the Winning Bidder shall occur in accordance with the terms of such bidder's executed APA, unless otherwise agreed to in writing by the Debtor, or as otherwise provided by an order of the Court. Except as otherwise provided by further order of the Court, at the closing, the Winning Bidder shall pay the balance of any purchase price by wire transfer or an endorsed bank or certified check.

**<u>Failure To Consummate Purchase</u>**

As set forth above, all bids submitted by any Qualified Bidder at the Auction shall be irrevocable until 48 hours after the closing of a sale to the Winning Bidder of the assets subject to the Winning Bid. If, for any reason, the Winning Bidder fails to consummate a purchase of the assets, or any part thereof, the Back-Up Bid will automatically be deemed to be the highest and best bid with respect to such assets, and the Debtor, after consultation with the Committee (if any) and the Lender, shall be authorized, but not required, to affect the sale of such assets to the Back -Up Bidder as soon as it is commercially reasonable without further order of the Bankruptcy Court. If the failure to consummate the purchase is the result of a breach by the Winning Bidder, its Earnest Money Deposit shall be forfeited to the Debtor and the Debtor specifically reserves the right to seek all available damages from such Winning Bidder.

**<u>Return of Earnest Money Deposits</u>**

Promptly after a Winning Bid has been selected and sale of the assets to the Winning Bidder has been approved by the Bankruptcy Court and has closed, any Earnest Money Deposits of the Qualified Bidders who are not the Winning Bidder shall be returned.

**EXHIBIT 2 TO EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | |
| **MISSISSIPPI RIVER CORPORATION,** | **Case No. 10-51480** |
| **Debtor.** | **Chapter 11** |
| | **Judge John E. Hoffman, Jr.** |

**NOTICE OF BID DEADLINE, AUCTION, AND SALE HEARING AND OBJECTION DEADLINE RELATING TO SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS**

**PLEASE TAKE NOTICE that:**

1.      **The Sale Motion.** On February ___, 2010, the above-captioned debtor (the "Debtor") filed its Motion Of Mississippi River Corporation, Debtor and Debtor in Possession, For An Order (I) Authorizing the Sale of Substantially all its Assets free and clear of Liens, Claims and Encumbrances with Certain Exceptions under Asset Purchase Agreement, Subject to Higher and Better Offers, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (III) Approving Procedures for an Auction; (IV) Scheduling an Auction and Hearing Relating Thereto; (V) Approving a Break-Up Fee, and (VI) Approving the Forms of Notices Relating to the Sale and Bidding Procedures (Doc. # _____) (the "Motion"), seeking approval of, among other things, (i) the institution of bidding procedures (the "Bidding Procedures") to be employed in connection with the Debtor's sale of substantially all its assets to Mississippi Recycling Company, LLC ("Purchaser") pursuant to the terms and conditions of an Asset Purchase Agreement ("APA") subject to higher or otherwise better bids, and (ii) the scheduling of a bid submission deadline, auction, and sale hearing and objection deadline.

2.      **The Bidding Procedures Order.** On March ___ 2010, the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"), approving, among other things, the Bidding Procedures and related schedules and deadlines.

3.      **The Sale**. The Debtor and the Purchaser entered into the APA for a sale of substantially all of the assets of the Debtor (as defined in the APA, the "Purchased Assets") free and clear of liens, claims, encumbrances and interests, except certain Permitted Encumbrances and certain Assumed Liabilities. There is no current relationship between Purchaser and the Debtor.  There are relationships between the Debtor and the three individuals who own the Debtor, as follows: Sharon Logan- 60%, (the spouse of Edward S. Logan, III, current President, CEO and a majority shareholder in the Debtor,) Gerald Lynn Patt – 20 %, (Vice-President of

Manufacturing for the Debtor), and Tanya Smith Richardson, – 20%, (Product Development/Process Manager for the Debtor). As set forth in the Bidding Procedures, the sale of the Purchased Assets remains subject to the receipt of Competing Bids from any prospective Qualified Bidder.

4. **Bidding Procedures**. All interested parties are invited to seek to become a Qualified Bidder and to submit a Competing Bid to purchase the Purchased Assets in accordance with the terms and conditions of the Bidding Procedures and Bidding Procedures Order by contacting the Debtor's Counsel, Richard K. Stovall and Thomas R. Allen, Allen Kuehnle Stovall & Neuman LLP, 17 South High Street, Suite 1220, Columbus, Ohio 43215, Phone: 614.221.8500, Fax: 614.221.8500, E-mail: stovall@aksnlaw.com. The deadline to submit a Competing Bid for the Purchased Assets (the "Bid Deadline") is March ___, 2010 at 12:00 P.M. (EST).

5. **The Auction.** Pursuant to the Bidding Procedures Order, the Debtor may conduct an auction (the "Auction") for the sale of the Purchased Assets, if necessary, and select the Winning Bidder (as defined below) on March ____, 2010, commencing at 9:00 a.m. (EST) at the offices of the Debtor's Counsel: Allen Kuehnle Stovall & Neuman LLP, 17 South High Street, Suite 1220, Columbus, Ohio 43215.

6. **The Sale Hearing.** The Bidding Procedures Order further provides that a Sale Hearing will be held, following the auction, if applicable, commencing on March ___, 2010 at ____ before the Honorable _____, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division. At the Sale Hearing, the Debtor intends to request that the Court enter an order approving, among other things, the Winning Bid for the Purchased Assets, and pursuant to that order the Debtor will transfer the Purchased Assets to the Winning Bidder free and clear of liens, claims, encumbrances and interests. At the Sale Hearing, the Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this case.

7. **Deadline for Objections to Sale**. Objections, if any, to the proposed sale of the Purchased Assets to the Purchaser or other Winning Bidder, to the APA, to the Debtor's assumption of its obligations under the APA, or to the assumption and assignment of its executory contracts and unexpired leases or the necessary Cure Amounts therefor (a) be in writing, (b) set forth the nature of the objector's interests in Debtor's estate and the basis for the objection and the specific grounds therefor, (c) comply with the Bankruptcy Rules and the Local Bankruptcy Rules and Orders of this Court (d) be filed with the Bankruptcy Court and served upon each of the following parties: (i) Richard K. Stovall and Thomas R. Allen, Allen Kuehnle Stovall & Neuman LLP, 17 South High Street, Suite 1220, Columbus, Ohio 43215, Phone: 614.221.8500, Fax: 614.221.8500, E-mail: stovall@aksnlaw.com (Debtor's Counsel); (ii) John H. Kozich, Esq., Harris, McClellan, Binau & Cox, P.L.L., Huntington Plaza, Suite 950, 37 West Broad Street, Columbus, Ohio 43215, Phone: (614) 464-2572, Fax: (614) 464-2245, Email: jkozich@hmbc.com (Counsel for Purchaser) (iii) J. Michael Debbeler, Graydon Head & Ritchey

LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, Phone: 513-629-2704, Fax: (513) 333-4320, Email: mdebbeler@Graydon.com (Counsel for Lender); and (iv) _____ [Counsel for Creditor's Committee, if any]; and (v) the Office of the United States Trustee, 170 North High Street, Suite 204, Columbus, Ohio 43215 so as to be *actually received* by March ___, 2010, at 5:00 p.m. (prevailing Eastern Time).

8.      **Assumption and Assignment of Executory Contracts and Unexpired Leases**. The Debtor is also seeking authority to assume and assigns certain executory contracts and unexpired leases (the "Assumed Contracts") to the Purchaser, or such higher or better bidder as may prevail pursuant to the Bidding Procedures. The Debtor is required to serve a separate Notice of Assumption and Assignment to all non-Debtor counter-parties to the Assumed Contracts.

9.      **Requests for Information.** Interested bidders requiring information about the bid qualification process, the Purchased Assets or the Debtor's business should contact the Debtor's Counsel, Richard K. Stovall, Allen Kuehnle Stovall & Neuman, LLP, listed below.

Dated: March ___, 2010

Respectfully submitted,


_____/s/ Richard K. Stovall_____
Richard K. Stovall       (0029978)
Thomas R. Allen          (0017513)
J. Matthew Fisher        (0067192)
Daniel J. Hunter         (0017536)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, OH 43215
(614) 221-8500; FAX:  (614) 221-5988
Email:  allen@aksnlaw.com
Email:  stovall@aksnlaw.com
Email:  fisher@aksnlaw.com
Email:  hunter@aksnlaw.com

*Proposed Counsel for Debtor and Debtor in Possession*

**EXHIBIT 3 TO EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | |
| **MISSISSIPPI RIVER CORPORATION,** | **Case No. 10-51480** |
| **Debtor.** | **Chapter 11** |
| | **Judge John E. Hoffman, Jr.** |

**NOTICE OF DEBTOR'S INTENT TO ASSUME AND ASSIGN CERTAIN**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND THE FIXING OF CURE**
**COSTS ASSOCIATED WITH SALE OF SUBSTANTIALLY ALL ITS ASSETS**

      1.      On March ___ 2010, the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure in the chapter 11 case of the above captioned debtor (collectively, the "Debtor") approving, among other things, the procedure for the fixing of cure amounts (the "Cure Amounts") related to the Debtor's possible assumption and assignment of certain executory contracts, unexpired leases, and other agreements (each, an "Assumed Contract and together the "Assumed Contracts") listed on **Exhibit A** annexed hereto in connection with the sale of substantially all of the Debtor's assets. The Debtor may assume and assign the Assumed Contracts, **to which you may be a party**, to Mississippi Recycle Company, LLC (the "Purchaser"), pursuant to the terms and conditions of an Asset Purchase Agreement entered into between the Debtor and Purchaser (the "APA"), or alternatively to such other bidder or bidders for Debtor's assets under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court in the Bidding Procedures Order.

      2.      The Bidding Procedures Order further provides that a sale hearing will be held commencing on March ____, 2010, at _____ ., before the Honorable _____, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of Ohio at 170 N. High Street, Courtroom A, Columbus, Ohio 43215 (the "Sale Hearing").

      3.      The "Cure Amount" shown on **Exhibit A** hereto is the amount, if any, based upon the Debtor's books and records, which the Debtor believes is owed to cure defaults (if any) existing under each Assumed Contract. The Debtor believes that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses in respect of particular Assumed Contracts will be cured by the payment of the Cure Amounts in respect of the particular contracts.

4.      If you disagree with the Cure Amount shown for the Assumed Contract on **Exhibit A** hereto, you must file in writing with the Bankruptcy Court, an objection (a "Cure Objection") on or before 4:00 p.m. (prevailing Eastern Time) on March ___, 2010. To be considered a timely Cure Objection, the Cure Objection must be filed with the Bankruptcy Court and served upon each of the following parties: (i) Richard K. Stovall and Thomas R. Allen, Allen Kuehnle Stovall & Neuman LLP, 17 South High Street, Suite 1220, Columbus, Ohio 43215, Fax: 614.221.8500, E-mail: stovall@aksnlaw.com (Debtor's Counsel); (ii) John H. Kozich, Esq., Harris, McClellan, Binau & Cox, P.L.L., Huntington Plaza, Suite 950, 37 West Broad Street, Columbus, Ohio 43215, Fax: (614) 464-2245, Email: jkozich@hmbc.com (Counsel for Purchaser) (iii) J. Michael Debbeler, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, Phone: 513-629-2704, Fax: (513) 333-4320, Email: mdebbeler@Graydon.com (Counsel for Lender) and (iv) _____ [Counsel for Creditor's Committee, if any]; and (v) the Office of the United States Trustee, 170 North High Street, Suite 204, Columbus, Ohio 43215 so as to be *actually received* by March ___, 2010, at 4:00 p.m. (prevailing Eastern Time).

5.      A Cure Objection must contain the cure amount that the objecting party believes should be paid in connection with the assumption of the particular Assumed Contract (the "Claimed Cure Amount") along with the appropriate documentation in support thereof. If a contract or lease is assumed and assigned pursuant to the Bankruptcy Court's order approving same, then unless you properly file and serve a Cure Objection to the Cure Amount contained in this Notice, you will receive the Cure Amount set forth herein, with payment made pursuant to the terms of the APA or other applicable purchase agreement. Failure to assert any amounts in excess of the Cure Amount listed by the Debtor shall constitute the waiver of any additional amounts and such amounts shall be forever barred.

6.      If you have any other objection to the Debtor's assumption and assignment of the Assumed Contract to which you may be a party (an "Assumption Objection") or an objection to the assumption and assignment of the Assumed Contract solely with respect to the Purchaser's ability to provide adequate assurance of future performance under the Assumed Contract (an "Purchaser Adequate Assurance Objection"), you also must file that objection in the manner and by the date and time stated in paragraph 4; provided, however, that an objection to the assumption and assignment of the Assumed Contract solely with respect to ability of another successful bidder (other than the Purchaser) to provide adequate assurance of future performance under the Assumed Contract (a "Non-Purchaser Adequate Assurance Objection" and collectively with a Purchaser Adequate Assurance Objection, an "Adequate Assurance Objection") may be raised at the Sale Hearing.

7.      If an Assumption Objection, a Cure Objection and/or an Adequate Assurance Objection (collectively, a "Contract Objection") is timely filed and remains pending, a hearing with respect to that objection shall be held before the Honorable _____, United States Bankruptcy Judge for the Southern District of Ohio at the United States Bankruptcy Court for the Southern District of Ohio, 170 N. High Street, Courtroom ____, Columbus, Ohio 43215 on March ___, 2010, at __:__ __.m.

8. Unless a Contract Objection is timely filed and served (or, in the case of a Non-Purchaser Adequate Assurance Objection, timely raised), the assumption and assignment of the applicable Assumed Contract will proceed without further notice at the hearing to approve the sale of the Purchased Assets.

9.     Parties that fail to file and serve timely a Contract Objection (or, in the case of a Non-Purchaser Adequate Assurance Objection, parties that fail to timely raise a Non-Purchaser Adequate Assurance Objection) shall be deemed to have waived and released any and all rights to assert against the Debtor or against the Purchaser or other successful bidder, as the case may be, cure amounts different from the Cure Amounts and shall be forever barred and estopped from objecting to the assumption and assignment of the relevant Assumed Contract and/or Cure Amount and from asserting against the Debtor or against the Proposed Purchaser or other successful bidder, as the case may be, any right of set-off, condition to assignment and/or any additional cure or other amount with respect to such Assumed Contract.

10.     If no Cure Amounts are due under an Assumed Contract, and the non-Debtor party to such contract does not otherwise object to the Debtor's assumption and assignment of the Assumed Contract, no further action need be taken on the part of that non-Debtor party.

11.     A Contract Objection based solely to the Cure Amount may not prevent or delay the Debtor's assumption and assignment of any Assumed Contract. If a party objects solely to a Cure Amount, the Purchaser or other successful bidder, as the case may be, may, in its sole discretion, provide to the Debtor's counsel to be held in escrow, an amount equal to the Claimed Cure Amount, pending further order of the Bankruptcy Court or agreement between the Debtor, the successful purchaser and the objecting party regarding the Cure Amount. So long as the Debtor's Counsel holds the Claimed Cure Amount in escrow, the Debtor can, without further delay, assume and assign the Assumed Contract that is the subject of such Claimed Cure Amount objection.

12. The Debtor's decision to assume and assign to the Purchaser or other successful bidder, as the case may be, the Assumed Contracts is subject to Bankruptcy Court approval and the Closing. Accordingly, absent such Closing, the Assumed Contracts shall not be deemed assumed, sold or assigned, and shall in all respects be subject to further administration under the Bankruptcy Code. Moreover, nothing herein, or in the APA or the Bidding Procedures, shall require the Purchaser or other successful bidder, as the case may be, to assume an Assumed Contract unless the Cure Amount, as fixed by the Court, is acceptable to the Purchaser or other successful bidder, as the case may be, in its sole discretion. The inclusion of any document on the list of Assumed Contracts shall not constitute or be deemed to be a determination or admission by the Debtor, the Purchaser or other successful bidder, as the case may be, that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: March ___, 2010

Respectfully submitted,

      /s/ Richard K. Stovall
_____

Richard K. Stovall     (0029978)
Thomas R. Allen      (0017513)
J. Matthew Fisher     (0067192)
Daniel J. Hunter      (0017536)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, OH 43215
(614) 221-8500; FAX:  (614) 221-5988
Email:  allen@aksnlaw.com
Email:  stovall@aksnlaw.com
Email:  fisher@aksnlaw.com
Email:  hunter@aksnlaw.com

*Proposed Counsel for Debtor and Debtor in Possession*

# EXHIBIT A

**In accordance with Fed. R. Bankr. P 6006(f) the Debtor's contracts and unexpired leases subject to possible assumption and assignment under the Debtor's Sale Motion are arranged alphabetically below by name of the non-debtor party to such contract of lease. You should locate your name and contract or lease hereunder.**

| Consecutive Number | Non-Debtor Party (Last, First if non-business) | Contract or Lease Description | Contract or Lease Date | Proposed Cure Amount and Adequate Assurance of Future Performance | Proposed Assignee |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |